IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION


RICKY BOOKER,

     Petitioner,

v.                                                                          No. 1:16-cv-01005-JDB-egb

UNITED STATES OF AMERICA,

     Respondent.

_____

ORDER DENYING § 2255 MOTION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

_____


     Before the Court is the *pro se* motion of Petitioner, Ricky Booker, to vacate, set aside, or

correct his sentence (the "Petition") pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.)

For the reasons that follow, the Petition is DENIED. [1]


## BACKGROUND

     In February 2014, Booker was indicted by a federal grand jury on a single count of aiding

and abetting the distribution of, and possession with intent to distribute, a mixture and substance

containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 18

U.S.C. § 2. (*United States v. Booker*, No. 1:14-cr-10013-JDB-1 (W.D. Tenn.), D.E. 2.) Pursuant

to an agreement with the Government (*id.*, D.E. 49), he pleaded guilty as charged (*id.*, D.E. 47).

_____

     [1] All record citations are to documents filed in Case Number ("No.") 1:16-cv-01005-
JDB-egb, unless otherwise noted.

In November 2014, the United States Probation Office submitted a presentence report to the parties (the "PSR"). The PSR set forth the calculation of the applicable sentencing range under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.").[2] (PSR at 5–6.) It assigned an adjusted offense level of 24, which was increased to 32 under the career offender provision. *See* U.S.S.G. § 4B1.1(b)(3). The enhancement was based on Booker's Tennessee convictions for facilitation to commit robbery and possession of marijuana with intent to distribute. (PSR at 9, 11.) A three-point reduction for acceptance of responsibility was applied. (*Id.* at 5.) "Based on a total offense level of 29 and a criminal history category of VI, the guideline imprisonment range" was calculated to be 151–188 months. (*Id.* at 17 (emphasis omitted).)

A sentencing hearing was held on December 2, 2014. (D.E. 64.) The Court imposed a below-Guidelines sentence of 120 months of incarceration and three years of supervised release. (*Id.*)

The inmate subsequently filed his federal Petition, challenging his sentence based on the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally void for vagueness. *See Johnson*, 135 S. Ct. at 2554. He insists that *Johnson* renders unconstitutional his designation as a career offender under the Guidelines. The argument fails.

Under the ACCA, a person who is convicted of being a felon in possession of a firearm and who "has three previous convictions . . . for a violent felony or a serious drug offense . . .

---

[2] All references to the Guidelines are to the Guidelines in effect on the date of Booker's sentencing. *See* United States Sentencing Commission, *Guidelines Manual* (eff. Nov. 2014).

committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year . . . that . . . (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." *Johnson*, 135 S. Ct. at 2555-56.

In *Johnson*, the Supreme Court held that the ACCA's residual clause was unconstitutionally void for vagueness. *Id.* at 2257. Therefore, an enhanced sentence under that clause violated due process as guaranteed by the Fifth Amendment. *Id.* at 2556-57.

Petitioner here is not entitled to relief under *Johnson*. On March 6, 2017, the Supreme Court refused to extend *Johnson*'s reasoning to the Guidelines' career offender provisions. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017). The Court explained that, "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* "[T]he Guidelines," therefore, "are not subject to a vagueness challenge under the Due Process Clause." *Id.*

Petitioner's sole claim is therefore without merit. The Petition is DENIED.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional

right.  28 U.S.C.  §  2253(c)(2)-(3).  A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition.  Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.  *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[3]

IT IS SO ORDERED this 28th day of January 2019.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.